# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANUEL NARANJO SOSA,

                Plaintiff,

v.                                                          No. 2:19-cv-00752-WJ-SMV

STATE OF NEW MEXICO,

                Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 19, 2019 ("Application"). For the reasons stated below, the Court **DENIES** the Application **as moot.**

**The Complaint**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1 at 1, filed August 16, 2019 ("Complaint"). Plaintiff states:

> When I was 18 yrs old I advised the Authorities of violations of my benefits being denied, there was fraude done in conspiracy, I communicated the my Human Rights were violated, by persons that detained my correspondence, and also denied me access to my financial saving that was sent to me from the state of Texas, a fax from Washington D.C. which was sent to my grand kids they violated my Rights and wish for the Highest law in the U.S. take care of my case and Have the F.B.I. investigate the Police dept. & persons that stole my money & and correspondence to my grandchildren.

[sic] Complaint at 2.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists

absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting Tuck *v.* United Servs. Auto. Ass'n, 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has also not shown that the Court has jurisdiction over his claims against the State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not show in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's Application to proceed *in forma pauperis* as moot.

2

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice;** and

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 19, 2019, is **DENIED as moot.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**